Copy mailed to attorneys for parties by the Court pursuant to Rule 49 (c) Federal Rules of Criminal Procedure.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

U.S. DIST. COURT EAST DIST. WISC.
FILED
SEP 19 2005
AT_____O'CLOCK_____M
SOFRON B. NEDILSKY

UNITED STATES OF AMERICA,

        Plaintiff,         Case No. 95-CR-135

    v.

CANNON MARTIN,

        Defendant.

## OPINION AND ORDER

Cannon Martin, a Defendant in this case, has moved the court for sentencing relief pursuant to 18 U.S.C. § 3582(c)(2). Martin is serving a 210-month prison sentence for conspiracy to possess with intent to distribute cocaine and for unlawful possession of a firearm by a felon. He believes that he is entitled to a shorter sentence due to a change in the law based upon the holding in United States v. Booker, 543 U.S. ____, (2005). The government has responded to the motion by denying that Martin is entitled to relief.

18 U.S.C. § 3582(c)(2) provides that:

> may not modify a prison sentence once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

As the government points out, Martin is not seeking relief on the basis of an amendment to the Guidelines as contemplated by this subsection. Instead, he is invoking the subsection in an attempt to circumvent the procedural and jurisdictional requirements for seeking collateral relief pursuant to 28 U.S.C. § 2255. Ultimately, he wants the court to apply the holding of United States v. Booker, 543 U.S. ____ (2005). (Sixth Amendment requires that a jury, not a judge, find certain sentencing facts; therefore, Federal Sentencing Guidelines no longer mandatory insofar as they conflict with the Sixth Amendment). However, Martin's conviction and sentence became final before Booker was decided and the Seventh Circuit has ruled that Booker does not apply retroactively on collateral review. See McReynolds v. United States, 397F.3d 479, 481 (7th Cir. 2005).

In sum, because Martin has not established grounds for relief under 18 U.S.C. § 3582(c)(2), the court ORDERS that Cannon Martin's "Motion for Relief Under 18 U.S.C. § 3582(c)(2)" (filed August 8, 2005) IS DENIED.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 19th day of September, 2005.

Thomas J. Curran
United States District Judge